UNITED STATES, Appellee

v

DAVID L. JOHNSON, Airman, U. S. Navy, Appellant

12 USCMA 602, 31 CMR 188

No. 15,300

January 12, 1962

*Lieutenant Colonel William H. Bennison*, USMC, argued the cause for Appellant, Accused.

*Lieutenant Harold J. Wallum, Jr.*, USNR, argued the cause for Appellee, United States.

FERGUSON, Judge:

Pursuant to his plea, the accused was found guilty of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, and sentenced to bad-conduct discharge, forfeiture of two-thirds pay for two months, confinement at hard labor for two months, and reduction to the lowest enlisted grade. With some minor reduction in the amount of forfeitures adjudged, the convening authority approved the sentence. The board of review affirmed after also ordering reduction of the adjudged forfeitures. We granted review on the contention that:

"The remarks of trial counsel were inflammatory and prejudicial to the accused."

Following announcement of the findings, accused made an unsworn statement in which he made known his desire to remain in the service. In argument, his defense counsel pointed out that accused had serious domestic difficulties which had caused his absence without leave. He stated that these had now been resolved; noted accused's prior good service; and, in essence, asked that he be allowed to continue his service with the Navy.

In reply, the trial counsel offered the following observations:

". . . Gentlemen of the court, since this is a court of justice and not a court of domestic relations I feel that in order to make certain that justice is given to both Johnson and to the Navy, a fact by the way which is often overlooked, there are certain facts which are a matter of record that I feel the court should be aware of. *These facts are all taken from Johnson's service record which the Assistant Trial Counsel has in his possesion* [sic]. First, Johnson has been in the Navy since December 13, 1955; Second, he has an average GCT; Third, he was dropped from 'P' school in Norman, Oklahoma for reason of inaptitude; Fourth, in June of 1956 he was advanced to airman and from that time until now, he has had the opportunity of going up for three different ratings, namely, Aviation Storekeeper, Aviation Ordnanceman, and Aviation Boatswain; Fifth, in July of 1960 the Navy gave him the opportunity to take a complete retest of all his enlisted classification scores. These retests are very hard to come by but in trying to be fair the Navy afforded him the chance to retake all his tests. I believe the Navy has given Johnson every opportunity, in fact, more than is offered to many service men. I mention these facts to show one basic premise, that the Navy has given Johnson every possible chance and his repayment has consisted of showing the Navy that: First, he cannot be depended upon; Second, that he is not interested enough to make a rate; Third, he has no respect for the Navy at all as shown by going AWOL for a total of 96 days, thereby being awarded two special court martials causing a lot of uncessary [sic] administrative paper work, not to mention the cost of such trials. The defense made a statement that he had done satisfactory work. I believe that satisfactory work in this case would have consisted of making at least third class in five years. I question why he took so long to return to the base and the defense commented there is no comparable civil offense; this is true, however, I believe that anybody in industry who left the job for 83 days or 86 or whatever it is, would have been fired from that job. Gentlemen, in this whole transaction, I believe the Navy, the Government and the taxpayers have all been the losers. I believe Johnson owes them all and it is up to this court to determine whether or not justice can be done. Thank you." [Emphasis supplied.]

Both the staff legal officer to the supervisory authority and the board of review concluded that the trial counsel's argument exceeded the bounds of fair comment in that it was based on matters not in evidence. It was nevertheless found that any prejudice flowing

**603**

from the error was purged by the fair sentence which the court-martial adjudged and its subsequent appellate modification. Before us, the Government also concedes that the argument was erroneous but contends that there was no harm to accused's rights in view of the adjudged and approved sentence.

We believe that the Government and the intermediate tribunals are correct in concluding that the trial counsel exceeded the bounds of fair comment when he based his argument on matters outside the record. United States v King, 12 USCMA 71, 30 CMR 71; United States v Olson, 7 USCMA 242, 22 CMR 32. The issue before us thus narrows to the question whether prejudice flowing from the error has been purged by appellate reassessment of the sentence. We conclude that it has not.

It is clear from the record that the entire tenor of the trial counsel's argument was directed toward persuading the court-martial to adjudge a punitive discharge. He dwelt upon accused's lack of advancement in rating, dismissal from a service school for inaptitude, and the apparent granting by the Navy of a rarely afforded opportunity to retake standard classification tests. Referring to the offense charged, he drew a parallel with civilian employment and effectively urged the "firing" of the accused. In light of these matters, we cannot say with any reasonable degree of certainty that dwelling on the matters which were not in evidence did not lead the court to determine that a bad-conduct discharge was appropriate. Accordingly, the effect of the error went to that portion of the sentence, and it cannot be purged except by elimination of that specific punishment or ordering a rehearing on the penalty. United States v Fowle, 7 USCMA 349, 22 CMR 139; United States v Lackey, 8 USCMA 718, 25 CMR 222.

The decision of the board of review is reversed and the record of trial is returned to The Judge Advocate General of the Navy. The board of review may approve a sentence which does not include a bad-conduct discharge or order a rehearing thereon.

Chief Judge QUINN and Judge KILDAY concur.