UNITED STATES, Appellee

v

THOMAS L. ABBOTT, Private,
U. S. Marine Corps, Appellant

17 USCMA 141, 37 CMR 405

*Captain Anthony A. Vertuno,* USMC, argued the cause for Appellant, Accused.

*Major Ernest B. Wright,* USMC, argued the cause for Appellee, United States. With him on the brief was *Colonel J. E. Hanthorn,* USMC.

## Opinion of the Court

KILDAY, Judge:

Appellant was arraigned before a special court-martial convened at Camp Lejeune, North Carolina, charged with three specifications of absence without leave and one specification of failure to obey a lawful order, in violation of Articles 86 and 92, Uniform Code of Military Justice, 10 USC §§ 886 and 892, respectively. He pleaded guilty as charged and was sentenced to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of $85.00 per month for a like period. The supervisory authority approved the findings and sentence but suspended the punitive discharge for a period of six months with provision for automatic remission and reduced the confinement and forfeitures to four months each. The board of review affirmed without opinion.

We granted review to consider the following issues:

(1) Whether the appellant was prejudiced by the receipt of evidence that he had been offered and had refused company punishment as shown by Prosecution Exhibit 3.

(2) Whether the reviewing authority's action in suspending the bad-conduct discharge was sufficient to cure the error attributed to the argument by trial counsel regarding the discharge (staff legal officer's review, page 5, *et seq.*).

Prosecution Exhibit 3 is a certified copy of a page from the Unit Punishment Book reflecting that the appellant was informed he was charged with being absent without leave from 7:01 a.m., August 4, 1966, to 7:45 a.m., August 4, 1966, in violation of Article 86 of the Code, supra (specification 1 of instant charges). The exhibit further reflected that the appellant refused to accept nonjudicial punishment for this offense and demanded trial by court-martial. Trial defense counsel interposed no objection to its admission or consideration by the court members.

Appellate defense counsel asserts that the admission into evidence of this document was error prejudicial to the substantial rights of the appellant. Counsel bases his contention on the fact that the document, presented by trial counsel as a part of his "evidence in aggravation of the offenses charged," was simply not proper matter in aggravation; that it established nothing more than the fact that Abbott was permitted and elected to refuse nonjudicial punishment—a right granted to him under Article 15 of the Code, supra—and that reliance on personal rights may not be used by the prosecution to impute to an accused a greater probability or degree of guilt.

The staff legal officer, in his post-trial review, discussed the admissibility of Prosecution Exhibit 3 but his concern was chiefly with the fact that the document had not been properly authenticated and that it was not shown that the witness who presented and testified concerning it did so from personal knowledge (he was not its official custodian). He concluded, however, that counsel, by failure to object, waived the requirement of authentication.

In United States v King, 12 USCMA 71, 30 CMR 71, in discussing the effect of trial counsel's argument on

sentence, a matter also akin to the second issue in this case, we stated at pages 73–74:

". . . As we interpret the law, generally speaking, facts in aggravation should be concerned with heinous circumstances surrounding the offense and the character of the accused if it is placed in issue."

It is self-evident that standing alone the document in question does not disclose a heinous circumstance surrounding that particular offense; nor does it reflect upon the character of the accused. To the contrary, it might, in some circumstances, be viewed as an unspoken assertion by an accused that he is being improperly or unjustly charged and desires that the full facts be disclosed in a forum where the matter will be spread upon the record for all to see. In this case, in defense of his client's action in refusing the lesser form of judicial inquiry, appellant's counsel explained to the court that Abbott had been previously warned by his company commander, "one more slip, and that was it." Because he did not desire to be judged by that individual, he chose trial by court-martial.

Counsel at this level, however, now asserts that the use of the document is analogous to those situations wherein a prosecutor undertakes to emphasize to the court an accused's reliance upon his rights under the law, such as, an election not to testify in one's own defense or a pretrial reliance upon one's right to silence under Article 31 of the Code.

With this, we cannot agree. There is simply no comparison. It is common knowledge in the military community that seldom, if ever, is a forty-five-minute absence offense made the subject matter of a special court-martial. Trial counsel, perhaps, felt that some explanation was needed and utilized Prosecution Exhibit 3 for that purpose. Whatever his reason, the exhibit was also an explanation of the summary court-martial, ordered after the appellant's above-noted action (Prosecution Exhibit 4[1]), for which the latter did not appear but again absented himself, thus leading to the charge of failing to report to his commanding officer as ordered by the officer in charge. Whether Prosecution Exhibit 3 can be called aggravating matter, as labeled by trial counsel, we need not decide for in any event we find no error to this accused by reason of its admission.

The staff legal officer, in his post-trial review for the supervisory authority, believed that trial counsel erred in his argument on sentence when he told the court, "Frankly gentlemen, I don't care to have this man in my Marine Corps." In an effort to remove any possible prejudicial effect of the error, he recommended *suspension* of the punitive discharge, which action was approved as noted above.

As the basis for his finding of error in trial counsel's argument, the staff legal officer noted in his review that, "It is well settled that expressions of personal opinions on the part of the Trial Counsel are improper when they involve the severity of the sentence to be imposed." In support of his statement, he cited the board of review decision in United States v Weller, 18 CMR 473.

In the cited case, the board of review, in a very able opinion, has extensively cited and quoted from eminent authorities with reference to argument by trial counsel. The gist of the rule is as stated by the Supreme Court in Berger v United States, 295 US 78, 88, 79 L ed 1314, 55 S Ct 629 (1935):

". . . while he may strike hard blows, he is not at liberty to strike

[1] Article 20 of the Code provides in pertinent part that:
". . . No person with respect to whom summary courts-martial have jurisdiction may be brought to trial before a summary court-martial if he objects thereto, unless under section 815 of this title (article 15) he has been permitted and has elected to refuse punishment under that article."

143

foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one."

However, not every remark in argument by trial counsel is *ipso facto* improper and prejudicial. Of necessity, each case must rest on its own facts. As stated in Dunlop v United States, 165 US 486, 498, 41 L ed 799, 17 S Ct 375 (1897):

". . . If every remark made by counsel outside of the testimony were ground for a reversal, comparatively few verdicts would stand, since, in the ardor of advocacy and in the excitement of trial, even the most experienced counsel are occasionally carried away by this temptation."

It can reasonably be argued that an expression of personal opinion by trial counsel is erroneous on the basis that it is outside the confines of the evidence in the record (cf. United States v Olson, 7 USCMA 242, 22 CMR 32; United States v Johnson, 12 USCMA 602, 31 CMR 188; United States v Hutton, 14 USCMA 366, 34 CMR 146); and that where the error plainly extends to the imposition of the punitive discharge (United States v Fowle, 7 USCMA 349, 22 CMR 139; United States v Mitchell, 16 USCMA 302, 36 CMR 458), disapproval of the discharge or a rehearing on sentence is in order (United States v Mitchell, supra). However, each case must stand on its own facts and the error, if any, judged on the context in which it occurs.

In the case at bar, defense counsel portrayed the appellant as an immature individual and as one who exercises poor judgment in situations where he is under tension. Nevertheless, counsel informed the court that the appellant desired to make a clean start and argued for his retention in the Marine Corps in order that he might have an opportunity to rehabilitate himself.

In rebuttal, trial counsel argued, in full, as follows:

". . . Gentlemen, you have before you, an accused who has been picked on, misled, and led astray. You've found him guilty of three specifications of Article 86, one specification of Article 92. The prosecution has shown in aggravation that the accused had been awarded a Summary Court-Martial, and specification 2 of the charges in this court shows that he had no intentions of standing that trial. Gentlemen, this man has no sense of responsibility. He doesn't come back off liberty on time. He takes off when he please [sic]. He doesn't obey orders, and then when he might get punished for doing one of these things, instead of standing trial he takes off and goes over the hill. Frankly gentlemen, I don't care to have this man in my Marine Corps. Thank you."

Whether in the context of this case trial counsel's argument was error, prejudicial or otherwise, we need not decide for the staff legal officer thought that it was and recommended suspension of the discharge. The supervisory authority, by his action, acceded to the appellant's request for a chance at rehabilitation and thereby removed any possibility of prejudice.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

As the accused pleaded guilty to absence without leave and disobedience of a lawful general order, in violation, respectively, of Uniform Code of Military Justice, Articles 86 and 92, 10 USC §§ 886, 892, the alleged errors could only affect the sentence to be imposed in the case. In my opinion, they did.

The first error was in the receipt of evidence that accused had been offered and refused punishment by his commanding officer under the provisions of Code, supra, Article 15, 10 USC § 815. In my opinion, such was clearly inadmissible. Assuming, as do my brothers,

that court members might know a forty-five-minute absence is not usually referred to a special court-martial—a factor clearly open to doubt—trial counsel's explanation therefor, on the basis that it was only because accused refused to elect nonjudicial punishment, could not serve but to paint him as one who had had much difficulty with his commander.

Moreover, there was no need for explanation of the summary court-martial for which accused did not appear, nor any requirement to explain anything about the reference of particular charges to trial. The charge before the court was the failure of the accused to appear at a designated place and at a designated hour. It mattered not why he was ordered so to appear. It mattered only that he did not do so. Any connection of his election to refuse company punishment with this matter simply escapes me. I would hold it clearly inadmissible in evidence on the same basis as we have excluded references to accused's claim of other privileges. See United States v Workman, 15 USCMA 228, 35 CMR 200, and United States v Brooks, 12 USCMA 423, 31 CMR 9.

In like manner, it was error for the trial counsel to assert his personal opinion that "I don't care to have this man in my Marine Corps." Expression of such a personal opinion by counsel for either side is *per se* improper. See Canons 15, 22, Canons of Professional Ethics, American Bar Association; cf. United States v Johnson, 12 USCMA 602, 31 CMR 188; United States v Olson, 7 USCMA 242, 22 CMR 32. Thus, the staff legal officer correctly characterized the argument as erroneous, reprimanding counsel therefor, and recommending a reassessment of the sentence. However, it is likewise clear that this error goes directly to the punitive discharge. See United States v Fowle, 7 USCMA 349, 22 CMR 139, and United States v Mitchell, 16 USCMA 302, 36 CMR 458. The staff judge advocate and supervisory authority erred, therefore, in believing it might be purged of harmful effect by a mere probationary suspension. United States v Mitchell, supra. Such, in fact, calls for a disapproval of the discharge.

Accordingly, I disagree with the majority when they fail to find prejudice here in light of the action below. I would return the case to the board of review with instructions either to disapprove the bad-conduct discharge or order a rehearing on the sentence. As my brothers' action does not comport with this, I note my dissent thereto.