UNITED STATES

v.

Airman First Class Robert E. MOOR-
HEAD, FR 552–86–1831 Wilford Hall
United States Air Force Medical Center
Air Force Military Training Center
(ATC).

ACM S24445 (reh).

U. S. Air Force Court of Military Review.

Sentence Adjudged 7 March 1977.

Decided 26 Sept. 1977.

Appellate Counsel for the Accused: Colo-
nel Robert W. Norris and Captain David A.
Bateman.

Appellate Counsel for the United States:
Colonel Julius C. Ullerich, Jr., and Major
Gilbert J. Regan.

Before ABRAMS, EARLY and FORAY,
Appellate Military Judges.

DECISION UPON REHEARING

PER CURIAM:

Upon original review of the record of
trial in this case, this Court returned the
record to The Judge Advocate General,
United States Air Force, for submission to
the same or different convening authority
exercising general court-martial jurisdic-
tion. *United States v. Moorhead*, No.
S24445 (unpublished) (A.F.C.M.R. 21 Janu-
ary 1977). If practicable, that convening
authority was to refer the record of trial to
a special court-martial at which the military
judge would conduct a limited hearing to
resolve the issue as to whether the court-
martial which convicted the accused proper-
ly exercised its jurisdiction over the of-
fenses.[1] The limited hearing was held; the
military judge found the offenses to be
service connected; and the convening and
reviewing authorities approved his findings.
The record of trial is again before us for
review.[2]

Appellate defense counsel invite our at-
tention to three assignments of error sub-
mitted by trial defense counsel which, col-
lectively, assail the exercise of court-martial
jurisdiction over the offenses of which the

---

1. Article 39(a), Uniform Code of Military Jus-
tice 10 U.S.C. § 839(a); *United States v. Mc-
Carthy,* 25 U.S.C.M.A. 31, 54 C.M.R. 31, 2 M.J.
27 (1976), footnote 2; *United States v. DuBay,*
17 U.S.C.M.A. 143, 37 C.M.R. 411 (1967).

2. Article 66(b), Code, supra.

accused stands convicted. We disagree with their contentions.

The accused had been convicted of two offenses alleging the sale of Lysergic Acid Diethylamide (LSD) to two service members on 14 November 1975, at an off-base location in San Antonio, Texas, in violation of Air Force Regulation 30–2 and Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. At the limited hearing conducted pursuant to our prior decision in the case, the following significant facts were adduced regarding the offenses:

1. The buyers of the dangerous drugs were known by the accused to be active duty service members at the time of the sales.

2. The accused participated in the sales of the dangerous drugs with another active duty service member as a principal.

3. The accused was informed at the time of one of the dangerous drug sales that the buyer intended to resell the LSD to other active duty service members.

In *United States v. McCarthy*, 25 U.S.C. M.A. 31, 54 C.M.R. 31, 2 M.J. 27 (1976), the accused had been convicted by general court-martial of wrongfully transferring marihuana to another soldier "just outside" one of the gates to Fort Campbell, Kentucky, an army installation. On appeal the accused contended the offense was not service connected as the term was explained in *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). The Court of Military Appeals rejected the accused's contention, finding that four of the twelve criteria announced in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), by which service connection may be measured, weighed in favor of military jurisdiction over the drug transfer offense. The Court emphasized that a thorough, detailed analysis of the jurisdictional criteria announced in *Relford* is required to resolve service connection issues. The Court went on to say:

Merely because the recipient of the contraband was a soldier is insufficient, in and of itself, to establish service connection . . . . . The issue requires careful balancing of the *Relford* factors to determine "whether the military interest in deterring the offense is distinct from and greater than that of civilian society, and whether the distinct military interest can be vindicated adequately in civilian courts." *Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975).

Our examination of the matters presented at the limited hearing in this case, in the light of the *Relford* criteria, convinces us that factors exist which weigh heavily in favor of the exercise of court-martial jurisdiction over the offenses. These factors are:

1. The flouting of military authority.

2. The substantial threat to military personnel and, therefore, to the military installation.

The obvious adverse impact the accused's criminal activities would have on the Air Force mission makes the military interest in deterring those activities "distinct from and greater than that of civilian society"; that interest can best be vindicated in a military court. *Schlesinger v. Councilman*, supra; *United States v. Hedlund*, 25 U.S.C.M.A. 1, 54 C.M.R. 1, 2 M.J. 11 (1976); *United States v. McCarthy*, supra; *United States v. Lemons*, 54 C.M.R. 246, 2 M.J. 312 (A.F. C.M.R. 1976).

Accordingly, the approved findings of guilty and sentence are

AFFIRMED.