**UNITED STATES, Appellee,**

v.

**Kenth G. STARGELL, Staff Sergeant,
U.S. Air Force, Appellant.**

No. 97–0092.
Crim.App. No. S29111.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 3, 1997.

Decided Sept. 23, 1998.

For Appellant: *Captain Thomas R. Uiselt* (argued); *Lieutenant Colonel Kim L. Sheffield, Major Robert K. Coit* (USAFR), and *Captain Harold M. Vaught* (on brief); *Colonel Douglas H. Kohrt* and *Colonel David W. Madsen.*

For Appellee: *Major J. Robert Cantrall* (argued); *Colonel Theodore J. Fink, Lieutenant Colonel Michael J. Breslin,* and *Captain Deborah M. Carr* (on brief); *Colonel Brenda J. Hollis.*

*Opinion of the Court*

GIERKE, Judge:

A special court-martial composed of officer and enlisted members convicted appellant, pursuant to his pleas, of wrongfully possessing and using marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The adjudged and approved sentence provides for a bad-conduct discharge, confinement for 30 days, and reduction to pay grade E–3. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

This Court granted review of the following issues:

## I

WHETHER THE MILITARY JUDGE COMMITTED PLAIN ERROR IN FAILING TO CORRECT TRIAL COUNSEL'S MISSTATEMENT TO THE COURT MEMBERS THAT APPELLANT WOULD BE HONORABLY RETIRED UNLESS THEY ADJUDGED A BAD–CONDUCT DISCHARGE.

## II

WHETHER THE MILITARY JUDGE ERRED IN OVERRULING APPELLANT'S OBJECTION TO TRIAL COUNSEL'S ARGUMENT THAT APPELLANT WOULD RECEIVE AN HONORABLE RETIREMENT UNLESS APPELLANT RECEIVED A PUNITIVE DISCHARGE.

We resolve both issues against appellant.

Both granted issues relate to allegations of improper sentencing argument by assistant trial counsel. At the time of trial, appellant had 19½ years of military service. In his sentencing argument, assistant trial counsel argued that appellant "will get an honorable retirement unless you give him a BCD." The defense did not object to this argument.

During the defense sentencing argument, assistant defense counsel asserted that appellant was not "coasting to retirement" and there has "never been any coasting." In rebuttal argument, assistant trial counsel asserted, "To buy the defense argument means that you·will have to determine that 18, 19 years of service, after that many years of service, if you do something wrong, it doesn't matter, you will be allowed to coast to an honorable retirement." At this point, defense counsel objected for the first time, on the ground that "[t]he punishment before the members is a bad-conduct discharge. There are other administrative possibilities."

Before overruling defense counsel's objection, the military judge instructed the members, "[Y]ou're advised that the decision that you have to make is not a vote to retain or separate the member but whether or not to give the accused a punitive discharge as a form of punishment." Appellant did not object to this instruction or request additional instructions.

Appellant asserts that the Government should not have been allowed to argue that appellant would receive honorable retirement unless he was sentenced to a bad-conduct discharge, because such evidence is "so collateral as to be confusing and, thus, inadmissible." *United States v. Henderson,* 29 MJ 221, 222 (CMA 1989). Appellant also asserts that it was plain error for the military judge not to instruct the members that they should not speculate about whether appellant would be allowed to retire and the impact of a punitive discharge on the possibility of his retirement. Finally, appellant asserts that the military judge's curative instruction was inadequate.

The Government argues that trial counsel's argument was proper, but if the argument strayed into questionable areas, it was because appellant first raised the issue of retirement in his unsworn statement. Further, the Government argues that the military judge's curative instruction cleared up any possible confusion caused by trial counsel's argument.

We need not address the question whether appellant invited an error by raising the retirement issue in his unsworn statement or whether the defense affirmatively waived any objection by not only raising the retirement issue in the unsworn statement, but also responding in argument to trial counsel's allegedly improper argument. We do not reach these issues of invited error and waiver, because we hold that there was no error.

■■■■ When, as in this case, an accused is "knocking at retirement's door," the impact of a punitive discharge on retirement benefits is not irrelevant or collateral. *United States v. Becker,* 46 MJ 141, 144 (1997). In argument, a trial counsel "may strike hard blows, [but] he is not at liberty to strike foul ones." *Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). Counsel may refer to evidence of record and "such

fair inferences as may be drawn therefrom." *United States v. White*, 36 MJ 306, 308 (CMA 1993), quoting *United States v. Nelson*, 1 MJ 235, 239–40 (CMA 1975), citing *United States v. Johnson*, 12 USCMA 602, 31 CMR 188 (1962). Counsel also may ask the members to draw on ordinary human experience and matters of common knowledge in the military community. *United States v. Meeks*, 41 MJ 150, 158 (CMA 1994); *United States v. Kropf*, 39 MJ 107, 108 (CMA 1994). Common knowledge includes knowledge about routine personnel actions. *See United States v. Long*, 17 USCMA 323, 327, 38 CMR 121, 125 (1967) ("trial counsel's description of the accused as a draftee" subject to reassignment after training permissible because it was obvious to court members based on the accused's service number and duty assignment).

We would expect that members of a court-martial who are selected in accordance with Article 25(d)(2), UCMJ, 10 USC § 825(d)(2), as "best qualified for the duty by reason of age, education, training, experience, length of service, and judicial temperament," would know, as a matter of common knowledge in the military community, that a military member is eligible to retire after 20 years and that retirement usually is under honorable conditions. We hold that the likelihood of appellant being allowed to retire honorably if not sentenced to a punitive discharge was a fair inference from the evidence in this case. Appellant had 19½ years of service at the time of trial. He would have been entitled to special consideration if administrative discharge proceedings had been initiated after his court-martial. *See* 10 USC § 1176(a) ("regular enlisted member who is selected to be involuntarily separated," but who is within 2 years of eligibility for retirement, may not be involuntarily separated unless "sooner retired or discharged under any other provision of law"); para. 1.21.3, Air Force Instruction 36–3208 (14 October 1994) (Secretary of Air Force approval required to "discharge an airman under other than honorable conditions" for conduct considered by court-martial if no punitive discharge adjudged); *Poole*

*v. Rourke*, 779 F.Supp. 1546, 1564 (E.D.Cal. 1991) (Air Force not justified in discharging staff sergeant with 17 years of service without considering probation or rehabilitation).

We hold further that the military judge's limiting instruction properly focused the argument and precluded any speculation about the characterization of appellant's service if he were permitted to retire. If further clarification was desired by appellant, it was incumbent upon him to request it. *See* RCM 1005(f), Manual for Courts–Martial, United States (1995 ed.) ("Failure to object ... to omission of an instruction ... constitutes waiver ... in the absence of plain error."). There was no plain error here.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judge CRAWFORD concur.

SULLIVAN, Judge (dissenting):

"The truth, the whole truth, and nothing but the truth" is the key part of the oath that all witnesses must take before they are allowed to testify before a jury in America and most common-law countries. The triple use of the word "truth" in a short, one-sentence oath is unusual but warranted by the supreme importance that truth must play before a jury. A jury's judgment would not be a just one if it was not based on truth. If you look at the record in the case of Kenth Stargell, it is apparent that the jury's sentence was based on an untrue statement of fact made to them by the prosecution. *See United States v. Johnson*, 12 USCMA 602, 31 CMR 188 (1962). In my view, fair comment or argument on the evidence does not include a right to distort the truth, here, *truth in sentencing. See generally United States v. Boone*, 42 MJ 308, 314 (1995) (Sullivan, C.J., dissenting).

The trial in a nutshell was a simple one. Stargell was a staff sergeant with 19½ years of service who was convicted of one count of smoking marijuana cigarettes, and one count of possessing one marijuana cigarette. Stargell pleaded guilty. The prosecution wanted

Stargell to get a bad-conduct discharge. Stargell wanted to avoid the discharge. This issue was the key one at trial and led to the prosecution's main argument put before the jury—unless you give him a discharge as punishment, he *will* be honorably retired. This argument was not true. The jury was never told that, if Stargell was successful at avoiding the discharge at trial, he would probably have faced an administrative separation board. The jury was never told that there was still another option the Government could use to deny him an honorable discharge. That other option was that Stargell still could have had his honorable discharge denied by the Air Force Secretary when he applied to retire. Thus, the prosecution's argument was a false one in a case where it was critical for the jury to hear "the truth, the whole truth, and nothing but the truth."

As a starting point to analyze this case, I note that it was appellant who initially raised his impending retirement as a matter for consideration by the members in determining his sentence. At the time of his trial, he had served in the military for 19½ years, and his court-martial was authorized to award him a bad-conduct discharge. *See* Art. 19, UCMJ, 10 USC § 819. The military judge properly allowed appellant to raise the loss of future retirement pay and benefits as a matter in mitigation. RCM 1001(c)(1)(B), Manual for Courts–Martial, United States (1995 ed.) (matters which "lessen the [adjudged] punishment"); *see United States v. Becker*, 46 MJ 141, 143–44 (1997); *United States v. Greaves*, 46 MJ 133 (1997); *see also United States v. Sumrall*, 45 MJ 207, 209 (1996).

Of course, once the question of retirement or forthcoming retirement is raised by the defense as a matter in mitigation, trial counsel can respond. *See United States v. Blake*, 30 MJ 184, 186 (CMA 1990); RCM 1001(d) permits the Government to introduce evidence which "rebut[s] matters presented by the defense." More particularly, RCM 1001(c)(2)(C) provides that "[t]he prosecution may ... rebut any *statements of fact*" in a convicted servicemember's unsworn statement. Finally, RCM 1001(g) permits trial counsel to "argue" that an accused's expected retirement is not a matter which should lessen the punishment which a court-martial may adjudge.

Nevertheless, trial counsel must respond fairly and accurately in rebutting a defense mitigation case based on the disproportionate effect of a punitive discharge on a servicemember near retirement. *See Blake, supra* at 187. In presenting his case in rebuttal, trial counsel cannot dispense with the rules of evidence and use his argument to parade unevidenced matters before the members. *See United States v. Johnson, supra.* Moreover, he certainly cannot mislead the members by using his argument to provide them false or unreliable information for consideration on the question of an appropriate sentence. *See generally United States v. Zakaria*, 38 MJ 280 (CMA 1993). Trial counsel's arguments in this case violated both these principles. *See generally United States v. White*, 36 MJ 306, 308 (CMA 1993).

Trial counsel's initial argument contained the affirmative misstatement that appellant will receive "honorable retirement" if the members did not sentence him to a punitive discharge. This theme was hit later again in closing by the prosecutor. However, no evidence was presented in this case concerning military retirement procedures or standards for convicted servicemembers who do not receive a punitive discharge. Moreover, no other evidence was presented from which it could be reasonably inferred that the Secretary of the Air Force would honorably retire appellant despite his court-martial convictions. Finally, there was no evidence before the jury (and the judge did not instruct) that administrative possibilities other than retirement existed for the convicted servicemember in these circumstances, such as an administrative discharge board. 10 USC § 8914 and paras. 5.47.2 and 5.48.4, Air Force Instruction 36–3208 (14 Oct. 1994).

The military judge's instruction to the members ("you're advised that the decision that you have to make is not a vote to retain or separate the member but whether or not to give the accused a punitive discharge as a form of punishment") did not cure the misin-

formation that was given to the jury. The instruction did not particularly respond to the "retirement" misinformation provided by assistant trial counsel or direct the members to completely disregard it. This omission was particularly confusing in appellant's case where the military judge further stated that the defense's "objection is overruled," and assistant trial counsel continued to argue that a sentence by the members of no punitive discharge would effectively characterize appellant's service as honorable and bring about his retirement. *See Greaves,* 46 MJ at 137–38 (inconclusive sentencing instructions on retirement are insufficient).

The bottom line of this case, the message that went before the jury, was that if the jury did not give appellant a punitive discharge, appellant would get to retire. *This was legally and factually wrong.* On this record,[1] we can't allow false information to be given to the jury on such a key point, at such a critical time, without the judge unequivocally correcting this misinformation. A trial must be fair. To be fair, a trial must be based on truth.

The judge (and probably the prosecutor) knew this information about retirement was wrong and knew the truth. The truth was that, even if the jury did not give Stargell a discharge, Stargell would probably be sent by the command quickly before an administrative separation board and that board would probably discharge Stargell before he reached the 20 years' service required for retirement. Nevertheless, the government theory, "if no BCD, Stargell gets to retire," was sold to the jury. A decision by the factfinder should be the same whether the decision was by a judge or a jury. The prosecutor would never have made this argument to the judge in a judge-alone trial because a judge would have recognized it as a false argument. The prosecutor should not have been allowed to influence the jury by a false argument.

1. The majority's weak attempt to supplement this record with evidence of "special consideration" which would be afforded appellant if not punitively discharged conflicts with this Court's decision in *United States v. Perry,* 48 MJ 197 (1998).

The prosecutor (by allowing the jury to think that they were the only ones who could prevent Stargell from "honorable retirement") changed the jury's function from giving punishment according to the crime to making retirement decisions for the Air Force Secretary. This was false and wrong and not cured by the judge's subsequent instructions. The judge should not have allowed this to happen. A jury should be making a decision on punishment, not on retirement. Accordingly, since the jury's decision was tainted by false argument, I dissent and would send this case back for a new sentencing hearing. *See United States v. Rust,* 41 MJ 472, 478 (1995); *United States v. Zakaria, supra.*

EFFRON, Judge (dissenting):

At issue in this case is trial counsel's attempt to rebut defense counsel's argument against a punitive discharge by asserting that the defense position meant that, "if you do something wrong, it doesn't matter; you will be allowed to coast to an honorable retirement." The defense objected on the grounds that the issue in the case was whether appellant should receive a bad-conduct discharge (BCD), and that there were "administrative possibilities" than being "allowed to coast to an honorable retirement."

The centerpiece of the majority opinion is the following passage:

> We hold that the likelihood of appellant being allowed to retire honorably if not sentenced to a punitive discharge was a fair inference from the evidence in this case. Appellant had 19½ years of service at the time of trial. He would have been entitled to special consideration if administrative discharge proceedings had been initiated after his court-martial.

49 MJ at 94. When this holding from the majority opinion is held up to the pertinent statements by counsel, it is like two ships passing in the night.

> More importantly, whatever "special consideration" is, it is clear that no evidence of this practice was presented to the jury in this case. Therefore, the stubborn fact remains that the jury was given wrong information on this matter.

The prosecution did not refer to the fact that appellant would receive "special consideration" in any administrative proceedings or suggest reliance on any of the legal authorities cited by the majority. The prosecution made a categorical assertion—that appellant "will get an honorable retirement unless you give him a BCD"—a statement which left the incorrect impression that an honorable discharge was inevitable as a matter of law. The prosecution underscored this erroneous impression by subsequently suggesting that, without a BCD, appellant would "be allowed to coast to an honorable retirement."

The majority states that the alternative of honorable retirement was a "fair inference" because appellant "would have been entitled to special consideration" in any ensuing administrative proceeding if not given a punitive discharge. 49 MJ at 94. There is, however, no "fair inference from the evidence" to be drawn. The prosecution's argument was not in terms of an inference from evidence; rather, it was an unqualified assertion of the legal consequences that would flow from the failure to impose a punitive discharge. Counsel's argument was not that appellant would receive special treatment by those deciding whether to administratively discharge him; rather, it was an argument that an honorable retirement would necessarily result unless appellant received a BCD.

The majority is appropriately careful in not asserting that the authorities cited in the majority opinion support the prosecution's proposition that a servicemember convicted of wrongful possession and use of marijuana will necessarily be allowed to "coast to an honorable retirement" and retire honorably, as opposed to receiving an administrative discharge that could be less than honorable or otherwise affect retirement eligibility. Under the circumstances, the argument was error.

The military judge's instructions did not cure the harm from this improper argument. First, as Judge Sullivan points out, the instruction did nothing to correct the misstatement; indeed, by overruling the objection, the judge implicitly might well have reinforced it. Second, he did not instruct the members to disregard the misstatement; in fact, by remarking that it was only "argument," he might well have suggested to the members that it was legitimate for them to consider.

The Government has had ample opportunity to demonstrate that, as a matter of law, the Air Force would have been compelled to retire appellant honorably if his court-martial conviction did not include a punitive discharge. They have not done so. In the absence of such a showing, I cannot concur that the prosecution's interjection into the trial of misinformation about a key consideration on sentencing, left uncorrected by the military judge, was harmless to appellant's substantial rights. *See* Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a).