UNITED STATES, Appellee,

v.

Charles A. HENDERSON, Sergeant First Class, U.S. Army, Appellant.

No. 61,355.

CM 8800740.

U.S. Court of Military Appeals.

Sept. 28, 1989.

For Appellant: *Captain Jon W. Stentz* (argued); *Colonel John T. Edwards* and *Lieutenant Colonel Russell S. Estey* (on brief); *Captain Gregory A. Gross.*

For Appellee: *Major Gary L. Hausken* (argued); *Lieutenant Colonel Gary F. Roberson* (on brief); *Major Daniel J. Dell'Orto* and *Captain Anne E. Ehrsam.*

*Opinion of the Court*

COX, Judge:

Appellant was tried by a general court-martial with officer and enlisted members convened at Stuttgart, Federal Republic of Germany. Pursuant to his pleas, he was found guilty of uttering worthless checks, in violation of Article 123a, Uniform Code of Military Justice, 10 USC § 923a. He was sentenced to confinement for 6 months, total forfeitures, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged, and the Court of Military Review affirmed the findings and sentence in a short-form opinion.

Appellant raises the following issue on appeal before this Court:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY DENYING A DEFENSE REQUEST FOR ADMISSION OF FINANCIAL IMPACT DATA PERTAINING TO APPELLANT'S POTENTIAL LOSS OF RETIREMENT BENEFITS IF REDUCED IN RANK OR DISCHARGED, AND BY FAILING TO INSTRUCT THE MEMBERS AS TO THE COLLATERAL EFFECTS OF DIS-

CHARGING APPELLANT OR REDUCING HIM IN RANK.

During the sentencing phase of trial, appellant's defense counsel sought to introduce evidence on the administrative repercussions of a bad-conduct discharge upon appellant's retirement benefits. This evidence took two forms. Defense counsel gave an offer of proof that, if called to testify, Sergeant First Class Engelman, the noncommissioned officer in charge of Personnel Actions and VII Corps Retirement Officer, would testify regarding the loss of retirement benefits appellant would suffer due to a punitive discharge. Appellant also sought to introduce an exhibit which purported to project the retirement pay appellant would be entitled to at ages 51, 61, or 71, based upon presumed pay raises. At the date of trial, however, appellant was not eligible for retirement for at least 3 years and would first have to reenlist to become finally eligible.

The military judge held that the defense's evidence was irrelevant, or at best so collateral as to risk confusing the members. Relying on this Court's holding in *United States v. Griffin*, 25 MJ 423 (CMA), *cert. denied*, 487 U.S. 1206, 108 S.Ct. 2849, 101 L.Ed.2d 886 (1988), the military judge declined to receive the proffered evidence. The judge also refused to give an instruction to the members to the effect that appellant would suffer projected losses from his retirement pay as a result of a punitive discharge. However, the judge did allow defense counsel to argue to the members that appellant would suffer such loss if he were to receive a punitive discharge. The judge was correct in both his rulings, and we affirm.

■ Appellant posits that the evidence should have been admitted under an expanded view of *Griffin*, wherein we held it was proper for the judge to instruct the members, with the accused's consent, as to the effect a punitive discharge would have on his retirement benefits. Appellant's claim, however, misconstrues our holding in *Griffin* and ignores the long-standing rule that "courts-martial [are] to concern

themselves with the appropriateness of a particular sentence for an accused and his offense, without regard to the *collateral* administrative effects of the penalty under consideration." *United States v. Quesinberry*, 12 USCMA 609, 612, 31 CMR 195, 198 (1962) (emphasis added).

In *Griffin*, the military judge ultimately instructed the members as to the administrative effect a punitive discharge would have upon the accused's retirement benefits. The instruction was actually requested by trial counsel, after several questions by the members themselves regarding the accused's retirement benefits. Defense counsel did not object to the instruction. *Id.* at 424. A number of facts, however, distinguish this case from *Griffin*.

In *Griffin*, the accused was eligible for retirement at the date of trial. In that circumstance, we noted: "[I]n reality, the impact of an adjudged punishment on the benefits due an accused who is *eligible* to retire is often the single most important sentencing matter to that accused and the sentencing authority." *Id.* at 424 (emphasis added). In the present case, appellant was at least 3 years away from his anticipated retirement date and, in fact, would have to reenlist to be eligible for retirement. In addition, his projected loss of retirement income was based upon actuarial assumptions which defense counsel could not sufficiently substantiate as accurate. We reserve judgment as to whether an actuarial expert can present relevant evidence. Under the circumstances, the impact upon appellant's retirement benefits was not "a direct and proximate consequence" of the bad-conduct discharge. *Id.* at 424. Therefore, the judge was within his discretion in finding that estimates of appellant's benefits loss were so collateral as to be confusing and, thus, inadmissible. Mil.R.Evid. 403, Manual for Courts-Martial, United States, 1984.

■ The judge was also justified in not providing any additional instructions to the members regarding retirement benefits. Appellate government counsel correctly observed that the membership included both

senior enlisted and officer personnel, who personally were fully aware of the impact of punitive discharges on retirement benefits. None of the members had any questions regarding the effects of a punitive discharge, and defense counsel was allowed to argue that appellant would lose all of his retirement benefits as a result of such a punishment. Finally, defense counsel did not object to the instructions given. Absent plain error, a lack of objection to the judge's failure to provide any other instructions waives the issue. *United States v. Fisher*, 21 MJ 327 (CMA 1986).

■ We are mindful that a military judge may relax the rules of evidence in extenuation and mitigation on behalf of an accused. *See* RCM 1001(c)(3), Manual, *supra*. And we recognize that administrative consequences of a sentence are not *per se* collateral, whether propounded by the defense or the prosecution.* Nonetheless, when prospective administrative consequences of a sentence are so uncertain and remote as to substantially risk confusing the sentencing authority, they are properly excluded.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.

---

* *Compare United States v. Griffin*, 25 MJ 423, 425 (CMA 1988) (Everett, C.J., concurring in the result) *with United States v. Antonitis*, 29 MJ 217 (CMA 1989).