**UNITED STATES**

v.

**Airman Basic Christopher L. ROSATO, FR 019–44–8757 United States Air Force.**

**ACM 28002.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 31 May 1989.

Decided 31 Jan. 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Michael D. Burt.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Major Terry M. Petrie and Captain James C. Sinwell.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

This case is not about innocence or guilt. Rather, it concerns itself with two practical issues: (a) what collateral consequences of a sentence (if any) should be available to members for consideration as they vote on an appellant's sentence? and (b) can pretrial confinement be appropriate for a disruptive accused?

Airman Basic Rosato was found guilty by a general court-martial of a series of offenses involving possession, distribution and attempted use of lysergic acid diethylamide, failure to obey a lawful order, disrespect, and willful disobedience of the lawful order of a superior commissioned officer, violations of Articles 112a, 80, 90, 91, and 92, UCMJ, 10 USC §§ 912a, 880, 890, 891, and 892. His sentence is a bad conduct discharge, total forfeitures, and confinement for two years.

### I

The appellant argues that the military judge erred by restricting the content of the appellant's unsworn statement and limiting other evidence relating to the 3320th Correction and Rehabilitation Squadron. The appellant had offered an unsworn statement which included his perceptions of that program and his volunteer statement. ▆▆▆▆ We hold that the military judge ruled correctly. Generally speaking, a member should be punished without regard to the collateral administrative consequences of the sentence in question. *United States v. Murphy*, 26 M.J. 454, 457 (C.M.A.1988) and cases cited; *United States v. Griffin*, 25 M.J. 423 (C.M.A.1988), *cert. denied*, 487 U.S. 1206, 108 S.Ct. 2849, 101 L.Ed.2d 886 (1988); *see generally United States v. Grady*, 15 M.J. 275, 276 (C.M.A.1983). R.C.M. 1001 may have expanded the range of information presented to a court-martial sentencing body, and administrative consequences are not *per se* collateral. *United States v. Henderson*, 29 M.J. 221, 223 (C.M.A.1989). However, because of member sentencing, military sentencing procedures nevertheless remain significantly more restrictive than those in Federal civilian criminal courts. *See United States v. Cleveland*, 29 M.J. 361 (C.M.A. 1990); *United States v. Charley*, 28 M.J. 903, 908 (A.C.M.R.1989).*

### II

▆▆ The appellant also argues that he should be granted additional credit for pretrial confinement on the basis of *United States v. Heard*, 3 M.J. 14 (C.M.A.1977). We disagree.

The military judge made extremely well-formulated specific findings on this matter. He noted that the appellant was placed into pretrial confinement after the apparent commission of the willful disobedience and disrespect offenses. These offenses occurred in the presence of between 10 and 15 members of a Student Squadron. The officer in charge reasoned that pretrial confinement was necessary to protect the unit's discipline and morale from the accused's disruptive behavior. The unit consists of about 400 students, a majority of whom are junior in rank and have only several months of Air Force service. At

---

* See *United States v. Henderson*, 29 M.J. 221 (C.M.A.1989) (punitive discharge—consequences as to accused; retirement benefits); *United States v. Antonitis*, 29 M.J. 217 (C.M.A.1989) (retention of security clearance following conviction); *United States v. LaPeer*, 28 M.J. 189, 190 (C.M.A.1989) (evidence whether proper counseling programs would be available for an accused at United States Disciplinary Barracks, Fort Leavenworth) and *United States v. Flynn*, 28 M.J. 218, 221 (C.M.A.1989) (evidence on sexual offender rehabilitation program at Fort Leavenworth). *See also* Vowell, *To Determine an Appropriate Sentence: Sentencing in the Military Justice System*, 114 Mil.L.Rev. 87, 180–181 (Fall 1986).

the time of the offenses, the appellant had a substantial history of disobedience to orders, resulting in numerous letters of counselling, reprimands, and an Article 15. He had been so vocal in his disagreements with the commander that concerned student representatives took the matter before the commanders' advisory council. Despite his first sergeant's admonishment to quit complaining to the others, the appellant responded that he would continue to influence them.

In making his findings, the military judge applied the *Heard* case and the language of R.C.M. 305(h)(2)(B). That provision addresses requirements for confinement and notes that "serious criminal misconduct" can include offenses which "pose a serious threat to ... the effectiveness, morale, discipline, readiness, or safety of the command...." The military judge also emphasized the Analysis to R.C.M. 305(h), which focuses on appropriate candidates for pretrial confinement:

> For example, the "quitter" who disobeys orders and refuses to perform duties, while others are expected to carry out unpleasant or dangerous tasks, has immensely adverse effect on moral and discipline which, while intangible, can be more dangerous to a military unit than physical violence. Thus, although the "pain in the neck" (*United States v. Heard, supra*) may not be confined before trial solely on that basis, *the accused whose behavior is not merely an irritant to the commander, but is rather an infection in the unit may be so confined.*

MCM, App. 21, Rule 305(h) (1984) (emphasis added.)

The judge carefully balanced the appellant's constitutionally protected right of free speech with mission requirements, in our view. He found that the military magistrate did not abuse his discretion in ordering the appellant's continued pretrial confinement.

We hold that the military judge ruled correctly. *See United States v. Franklin,* 4 M.J. 635, 636 (A.F.C.M.R.1977); *United States v. Otero,* 5 M.J. 781, 783 (A.C.M.R. 1978). We are convinced that this appellant was in no wise the victim of "the whim and caprice of heavy-handed authority" mentioned in *United States v. Lavalla,* 24 M.J. 593, 595–596 (A.F.C.M.R.1987).

We resolve the remaining assignment of error adversely to the appellant.

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge BLOMMERS and Judge MURDOCK concur.