UNITED STATES, Appellee

v.

Steven L. BECKER, Sergeant First
Class, U.S. Army, Appellant.

No. 96–0659.
Crim.App. No. 9400644.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 7, 1997.

Decided June 9, 1997.

For Appellant: *Captain Thomas Jay Bar-
rett* (argued); *Colonel John T. Phelps II* and
*Lieutenant Colonel Michael L. Walters* (on
brief); *Lieutenant Colonel John T. Rucker*
and *Captain Richard E. Burns.*

For Appellee: *Captain Steven H. Levin*
(argued); *Colonel John M. Smith, Lieuten-
ant Colonel Eva M. Novak,* and *Captain
Joanne P. Tetreault* (on brief); *Major An-
thony P. Nicastro* and *Major Lyle D. Jent-
zer.*

*Opinion of the Court*

SULLIVAN, Judge:

On April 13, 1994, at Fort Wainwright,
Alaska, appellant, a sergeant first class (E–
7), was tried by officer members at a general
court-martial. Consistent with his pleas, he
was found guilty of conspiracy to commit
larceny, larceny (7 specifications), wrongful
appropriation (8 specifications), and false
swearing, in violation of Articles 81, 121, and
134, Uniform Code of Military Justice, 10
USC §§ 881, 921, and 934, respectively. He
was sentenced to a dishonorable discharge,
total forfeitures, and reduction to E–1. The
convening authority approved the sentence

on September 20, 1994. On December 18, 1995, the Court of Criminal Appeals, in an unpublished opinion, affirmed the findings and a dishonorable discharge, forfeiture of $555.00 pay per month until execution of the discharge, and reduction to E–1.

We granted review of the following issues:

## I

WHETHER APPELLANT WAS DENIED DUE PROCESS OF LAW UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN THE MILITARY JUDGE PROHIBITED APPELLANT FROM PRESENTING EVIDENCE OF THE EFFECTS A PUNITIVE DISCHARGE WOULD HAVE ON HIS RETIREMENT BENEFITS.

## II

WHETHER THE SENTENCE TO A DISHONORABLE DISCHARGE CONSTITUTES A VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND IS DISPROPORTIONATELY SEVERE WHEN IT DEPRIVES APPELLANT OF THE OPPORTUNITY TO RECEIVE RETIREMENT BENEFITS WHICH INCLUDE PAYMENT IN EXCESS OF $400,000 OVER THE COURSE OF AN AVERAGE LIFESPAN. *SEE UNITED STATES V. SUMRALL,* [45 MJ 207 (1996) ].

We hold that the military judge erred in refusing to admit defense mitigation evidence of the projected dollar amount of retirement income which appellant might be denied if a punitive discharge was adjudged. *See United States v. Greaves,* 46 MJ 133 (1997); [1] *.see also United States v. Sumrall,* 45 MJ 207 (1996); *see generally* RCM 1001(c)(1)(B), Manual for Courts–Martial, United States, 1984. As for Issue II, we decided it in favor of the Government in *United States v. Sumrall, supra,* and we do so again here.

At the time of appellant's court-martial, he had completed 19 years and 8½ months of active service. During sentencing, defense

counsel sought to introduce evidence regarding the value of appellant's projected retirement benefits. According to Defense Exhibit I for identification, the projected value of appellant's retirement was $439,048.80. The Government objected to this evidence, arguing that appellant was not yet retirement-eligible. *See* 10 USC § 3914. Defense counsel conceded that appellant was not yet entitled to request retirement but contended that fact did not present a "legal hurdle" to introducing the evidence of appellant's projected retirement benefits.

The military judge refused to admit the proffered exhibit into evidence, ruling as follows:

> MJ: Well, I've reviewed the cases that you cited to me as well and I'm still of the opinion that, as his retirement has not vested, although he is much closer than the 3 years discussed in one of those cases, it still remains a future condition to be fulfilled, that is, that he must obtain 20 years of service, credible service, before he would be entitled to such retirement. I don't want to sound morbid, but it's entirely possible that walking out here today he could slip and fall down the stairs, break his neck and die, and there would be no retirement. Similarly, some other event could happen between now and the time that he is entitled to retire which would preclude him from receiving such retired pay and such. *It is not so much of a matter of being collateral, which is what one of those cases discussed as to the consequences of the punitive discharge in other regards, but more a matter of just the information is not relevant at this time.* Again, I recollect in one of the cases that you had cited to me dealt with someone who in fact was retirement eligible. And that case, I believe, was the one that discussed the consequences of a discharge as well upon an existing retirement. That is not the case today. So I'll not—the proffered evidence is not going to be received into evidence.

(Emphasis added.)

The Court of Criminal Appeals concluded "that the military judge did not abuse his

---

1. Decided this day.

discretion in refusing to allow the defense the opportunity to prove the value of an imminent retirement. *See United States v. Henderson*, 29 MJ 221 (CMA 1989)." Unpub. op. at 2.

— — —

■ ˙ The first issue before us questions the military judge's ruling excluding defense evidence on the projected loss of retirement benefits which could result from awarding a punitive discharge at appellant's court-martial. Relying on the fact that appellant was not "retirement-eligible" at the time of trial, the military judge held the benefits' evidence was irrelevant. *See* Mil.R.Evid. 401 and 402, Manual, *supra.* The judge based this ruling on past cases of this Court which he read as precluding admission of such evidence in non-retirement-eligible cases. *See generally Henderson*, 29 MJ at 222; *United States v. Griffin*, 25 MJ 423, 424 (CMA 1988). We disagree.

■ Initially, we note that "relevant evidence" under Mil.R.Evid. 401 is "evidence having *any* tendency to make the existence of *any* fact that is of consequence ... more probable or less probable...." (Emphasis added.) *See generally* S. Saltzburg, L. Schinazi, & D. Schlueter, *Military Rules of Evidence Manual* 422 (3d ed.1991)(rule favors admission of evidence and "anything that can help rationally decide disputed issues is relevant"). Moreover, we note that a military accused has a broad right to present mitigation evidence to a court-martial on sentencing. *See United States v. Combs*, 20 MJ 441, 442 (CMA 1985); *see generally* RCM 1001(c)(1)(B) (defense may present matters in mitigation "to lessen the punishment" adjudged). Finally, although irrelevant evidence is not admissible at a court-martial, Mil.R.Evid. 402, "a military judge may relax the rules of evidence in extenuation and mitigation on behalf of an accused. *See* RCM 1001(c)(3), Manual, *supra.*" *Henderson*, 29 MJ at 223.

■ On the other hand, a military judge may properly exclude evidence on sentencing

that is irrelevant or has the substantial risk of confusing the court members. *See* Mil. R.Evid. 401, 402, and 403. Moreover, we normally review a military judge's evidentiary ruling on these questions only for abuse of discretion. *See United States v. Sullivan*, 42 MJ 360, 363 (1995). A military judge generally abuses his discretion if his ruling is not supported by evidence on the record or it is controlled by an erroneous view of the law. *See United States v. Travers*, 25 MJ 61, 63 (CMA 1987).

Turning to appellant's case, we note that the military judge implicitly relied on our *Henderson* opinion to exclude the defense's proffered evidence of lost retirement benefits. In *Henderson*, this Court held that the military judge did not abuse "his discretion in finding that estimates of appellant's benefits loss were so collateral as to be confusing and, thus, inadmissible. Mil.R.Evid. 403." Henderson was *3 years* away from being retirement-eligible and would have had to reenlist to reach his anticipated retirement date. 29 MJ at 222. In the case at bar, however, unlike *Henderson*, appellant was only *3½ months* away from retirement eligibility. Moreover, Becker did not have to reenlist to reach his anticipated retirement date as did Henderson. Therefore, we conclude that the military judge erred to the extent that he construed *Henderson* to require exclusion of the defense retirement evidence in this case. *See United States v. Greaves, supra.*

■ The military judge in this case also construed our cases as establishing a *per se* irrelevance rule for this type of evidence when the accused is not retirement-eligible at the time of trial. This was error. The relevance of evidence of potential loss of retirement benefits depends upon the facts and circumstances of the individual accused's case. *See United States v. Greaves, United States v. Sumrall, United States v. Henderson*, and *United States v. Griffin*, all *supra.* We have never established a *per se* rule in this regard.[2]

---

2. In *United States v. Greaves*, 46 MJ 133, 139 n. 2 (1997), this Court recommended that the standard instruction on a bad-conduct discharge be modified to more particularly explain the impact

In the case at bar, appellant was literally knocking at retirement's door at the time of his court-martial. Moreover, he requested the opportunity to present this type of evidence to the members and had such evidence to present. We agree with Judge Johnston's assessment in the court below that these circumstances clearly warranted admission of this evidence:

> The impact of a punitive discharge on the benefits for an accused who is within weeks of becoming retirement eligible are of no less importance than that for a soldier who is eligible to retire. In both situations, the value of retired pay should be recognized as the single most important consideration in determining whether to adjudge a punitive discharge. The sentencing authority in this case may determine that the accused richly deserves a punitive discharge and the concomitant loss of benefits of a substantial value over the remainder of his lifetime. The sentencing authority should not have to make that decision, however, while merely speculating about the significant impact of a punitive discharge.

Unpub. op. at 3 (concurring). Preventing admission of this defense evidence impermissibly restricted appellant's right to present his plight to the members. *See generally*

of this punitive discharge on retirement benefits

RCM 1001(c)(1)(B) ("Matter in mitigation ... is introduced to lessen the punishment ... or to furnish grounds for a recommendation of clemency.").

In sum, the military judge misconstrued our case law to the extent that he felt compelled by *Henderson* to *per se* exclude defense evidence of the estimated value of appellant's expected military retirement. Moreover, the facts and circumstances of this case provide no basis for the court below to conclude that no abuse of discretion occurred in excluding this evidence. The military judge's *per se* ruling denied the sentencing authority important, relevant evidence and "materially prejudice[d] the substantial rights of" appellant. Art. 59(a), UCMJ, 10 USC § 859(a); *see generally United States v. Greaves, supra.*

The decision of the United States Army Court of Criminal Appeals as to sentence is reversed. The sentence is set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing on sentence may be ordered.

Chief Judge COX and Judges CRAWFORD, GIERKE, and EFFRON concur.