CRAWFORD, Chief Judge
(dissenting):
The sole issue in this case is whether the military judge abused her considerable discretion in refusing to admit a document that *73 reflected sums appellant would receive at various levels between pay grades E-5 and E-l if permitted to retire from the United States Ah- Force. Prior to rejecting this evidence (Defense Exhibit E for Identification), the military judge announced on the record that the evidence was irrelevant and posed a risk of confusing the members. Both are sound reasons for excluding evidence under the Military Rules of Evidence and case law. See Mil.R.Evid. 401, 402, and 403, Manual for Courts-Martial, United States (2000 ed.); United States v. Becker, 46 MJ 141 (1997). The majority concludes that the military judge “relied on erroneous legal principles” in rejecting the evidence and thus she abused her discretion. 55 MJ at 71. I disagree.
This Court’s standard of review on the admission or exclusion of sentencing matters is highly deferential, reversing only for a clear abuse of discretion. See United, States v. Zakaria, 38 MJ 280, 283 (1993). See also Becker, supra at 143; United States v. Loving, 41 MJ 213, 273 (1994), aff'd on other grounds, 517 U.S. 748, 116 S.Ct. 1737, 135 L.Ed.2d 36 (1996). The term “abuse of discretion” has a variety of definitions. See S. Childress & M. Davis, Federal Standards of Review § 4.21 (3d ed.1999). Definitions of “abuse of discretion” from this Court have appropriately fluctuated depending on the action being tested on review.
In United States v. Travers, 25 MJ 61, 62-63 (1987), we set out this basic definition:
An “abuse of discretion” exists where “reasons or rulings of the” military judge are “clearly untenable and ... deprive a party of a substantial right such as to amount to a denial of justice”; it “does not imply an improper motive, willful purpose, or intentional wrong.” Guggenmos v. Guggenmos, 218 Neb. 746, 359 N.W.2d 87, 90 (1984), citing Pettegrew v. Pettegrew, 128 Neb. 783, 260 N.W. 287 (1935).
The “abuse of discretion” standard is a strict one and has been defined in United States v. Yoakum, 8 MJ 763 (ACMR 1980), aff'd on other grounds, 9 MJ 417 (CMA 1980), as follows:
To reverse for “an abuse of discretion involves far more than a difference in ... opinion____ The challenged action must ... be found to be ‘arbitrary, fanciful, clearly unreasonable,’ or ‘clearly erroneous’ in order to be invalidated on appeal.”
Quoting United States v. Glenn, 473 F.2d 191, 196 (D.C.Cir.1972).
“An abuse of discretion arises in cases in which the judge was controlled by some error of law or where the order, based upon factual, as distinguished from legal, conclusions, is without evidentiary support.” Renney v. Dobbs House, Inc., 275 S.C. 562, 274 S.E.2d 290, 291 (1981), citing Stewart v. Floyd, 274 S.C. 437, 265 S.E.2d 254 (1980).
Since Travers, this Court has taken the potpourri of “abuse of discretion” definitions found therein and applied them in different contexts. In United States v. Miller, 47 MJ 352, 358 (1997), we tested denial of a continuance for
“reasons or rulings [which] ... are clearly untenable and ... deprive a party of a substantial right such as to amount to a denial of justice”; [this] “does not imply an improper motive, willful purpose, or intentional wrong.”
Yet, later in the same opinion we tested the denial of a defense request to produce a witness based on “whether ‘on the whole,’ denial of the defense witness was improper.’ ” 47 MJ at 359, quoting United States v. Ruth, 46 MJ 1, 3 (1997). In Ruth, we said that “[t]he reviewing court should not set aside a judicial action ‘unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.’ ” (Citations omitted.)
In United States v. Peterson, 48 MJ 81 (1998), we tested action on a motion to suppress by the standard that “[t]o reverse for an abuse of discretion involves far more than a difference in ... opinion.... The challenged action must ... be found to be arbitrary, fanciful, clearly unreasonable, or clearly erroneous in order to be invalidated on appeal.” Id. at 83 (internal quotation marks *74 omitted)(citmg Travers, 25 MJ at 62). Accord United States v. Johnson, 49 MJ 467, 473 (1998) and United States v. Miller, 46 MJ 63, 65 (1997) (evaluating a military judge’s discretion to admit evidence under Mil.R.Evid. 403); United States v. Barron, 52 MJ 1 (1999) (testing exercise of discretion in not disqualifying a previously qualified expert witness for improper action). On some occasions, the Court has reversed a judicial ruling without articulating an abuse-of-discretion standard under the facts of that ease. See, e.g., United States v. Grill, 48 MJ 131 (1998)(two dissenters found no abuse of discretion).
While the term “abuse of discretion” might be vexingly expansive, its definition cannot be exacting without unnecessarily curtailing “the broad powers” of the military judge at trial. See United States v. Rosser, 6 MJ 267, 271 (CMA 1979). I can find nothing in this military judge’s ruling that convinces me that it was arbitrary, fanciful, clearly unreasonable, or untenable. Neither does the majority-
A military judge also abuses her discretion if she improperly applies legal principles when rejecting a piece of evidence. See Becker, 46 MJ at 143; United States v. Campbell, 41 MJ 177, 185 (CMA 1994); United States v. Williams, 37 MJ 352, 356 (CMA 1993). The majority’s reliance on this abuse-of-discretion application falls of its own weight. See 55 MJ at 69-70 (quoting military judge’s explanation for her ruling).
Before making her ruling, the military judge reviewed two recent cases from this Court — Becker, and United States v. Greaves, 46 MJ 133 (1997). In Becker, a unanimous decision, we held that “relevance of evidence of potential loss of retirement benefits depends upon the facts and circumstances of the individual accused’s case.” Id. at 143. The error in Becker was the military judge’s misreading of United States v. Henderson, 29 MJ 221 (CMA 1989), and “per se excluding] defense evidence of the estimated value of appellant’s expected military retirement.” 46 MJ at 144.
Greaves, also an unanimous opinion from this Court, found that the judge erred by instructing the members not to consider the impact of a punitive discharge on appellant’s impending retirement eligibility, in light of two questions posed by court members.
Contrary to the views of the majority today, a military judge does not abuse her discretion so long as she does not adopt an iron clad, per se rule regarding evidence of retirement benefits (or loss thereof), or improperly answers questions related to retirement. To use Professor Rosenberg’s analogy,[1] this Court has fenced off only a portion of the pasture land. So long as the military judge provided appropriate instructions and answers to retirement issues, and didn’t restrict the retirement-benefit evidence of an accused “knocking on retirement’s door,” 46 MJ at 144 (19 years, 10 months in Greaves— 46 MJ at 134; 19 years, 8$ months in Becker — id. at 142),[2] she was free to apply her discretion to any proffered evidence. As we have held, judges are “presumed to know and apply the law correctly.” See, e.g., United States v. Raya, 45 MJ 251, 253 (1996). Here the judge was faced with the ticklish decision of admitting evidence that could mislead the members into thinking that appellant’s retirement was a “sure thing,” when she knew that Air Force regulations required a commander to initiate administrative action if there had been no discharge by a court-martial for drug use. The court members are presumed to have knowledge of this Air Force regulation as well. See United States v. Tolkach, 14 MJ 239 (CMA 1982). I am also confident that when these court members (a major, two captains, a senior master sergeant, two master sergeants, and a technical sergeant) deliberated on sentence, they were fully cognizant of one fact known to every servicemember of their rank — retired pay for 20 years of active duty service (which *75 is all appellant expected) is 50 percent of base pay.[3]
Either including or excluding the proffered defense exhibit without placing that evidence in context would both confuse the members and undermine the criminal justice system. Faced with this dilemma, the military judge prevented confusion by excluding the speculative retirement pay chart. This ruling thus precluded any rebuttal evidence concerning virtually mandatory (absent waiver) administrative separation for drug use.
However, the military judge did not preclude counsel from focusing on appellant’s retirement. She ruled that counsel could comment on retirement eligibility during both voir dire and sentencing argument. The centerpiece of trial defense counsel’s argument was a plea to punish appellate in some way other than by awarding a bad-conduct discharge and depriving him of an opportunity to become retirement eligible in 21 months. Additionally, at appellant’s request the military judge instructed the members that a bad-conduct discharge deprives one of substantially all benefits administered by the Department of Veterans Affairs as well as all retirement benefits.
Since I conclude that this military judge did not go beyond the legal principles set forth by this Court in Becker and Greaves, and did not establish any per se rule for admission of retirement-eligibility evidence, there has been no clear abuse of her discretion, either through misapplication of the law or otherwise.
Accordingly, I would affirm the Court of Criminal Appeals’ decision.
[[Image here]]

. See M. Rosenberg, Judicial Discretion of the Trial Court, Viewed from Above, 22 Syracuse L.Rev. 635, 650 (1971).

. To the contrary, trial defense counsel acknowledged that appellant was "not knocking on the door to retirement.” R. 92.

. The military judge’s instructions (which were given to the members both verbally and in writing) included accurate assessments of appellant's base pay at the various grades from E-5 to E-l. See Appendix. The difference between the monthly figures appellant was denied the opportunity to present and the figures easily ascertained by the members was de minimus. Accordingly, trial defense counsel’s rejected exhibit added nothing to the member’s basis of knowledge concerning retirement benefits or the loss thereof. Thus, the instruction did not cover the last column in the Appendix.